HENRY C. BONNEL *vs.* BERNARD DUNN.

1. If personal property, exempt from seizure on civil process, is seized and
sold by virtue of an attachment or execution, an action of trespass is the
proper remedy, and it may be brought either against the party at whose
suit the goods are taken or against the officer seizing them.

2. To entitle a debtor to the benefit of the act exempting from civil pro-
cess personal property to the amount of $200 (*Nix. Dig.* 247), it is sufficient
if the family reside in this state, wherever the temporary or permanent re-
sidence of the husband or head of the family may be.

3. The residence of the family, once obtained in this state, remains until a
new one is gained, and such new residence cannot be gained while the fam-
ily continue here, although they may be at a railroad depot with their goods,
and actually removing.

4. If the goods of a debtor are of greater value than $200, or if it is doubt-
ful whether they are or not, it is the duty of the officer to make a particular
inventory of them, and to secure them until the appraisement; and if, on the
appraisement, the goods are found to be of less value than $200, the officer
will not be held liable as a trespasser.

5. If the debtor's goods are clearly of less value than $200, the officer has
no right to seize and take exclusive possession of them.   The officer should
make a careful and particular account and inventory, and for his own safety
may have them appraised, but he should suffer them to remain in the posses-
sion of the defendant.

---

On *certiorari* to Morris Pleas.

Argued before Justices OGDEN and HAINES.

The opinion of the court was delivered by

HAINES, J.   The first reason assigned for the reversal of
the judgment is that the style of action is misconceived;
that it is in a plea of trespass *de bonis asportatis*, whereas,

if any cause of action exists, it should have been in trespass in the case for abuse of legal process.

By the state of the case, it appears that there was testimony, that one Thomas Dell, acting as a constable, and having in his hands a writ of attachment at the suit of Bonnel, the plaintiff in *certiorari*, and against Dunn, the defendant, attached the goods in question, and made an inventory and appraisement of them. The goods, at the time of their attachment, where at the Dover station of the Morris and Essex railroad, to which place they had been brought by the wife of Dunn. Dell took the entire possession and control of them, and refused to allow Mrs. Dunn to take any of them, except the wearing apparel.

It is further in evidence that Mr. Bonnel had made the affidavit, and sued out the writ of attachment, and caused it to be delivered to Dell, the constable; that he appeared before the justice on the day appointed for the hearing of the cause; that at the time of serving the attachment he came to the station at the request of Mrs. Dunn, and on her asking permission to take a trunk, part of the goods levied on, he refused to let her take it, unless she would pay a sum of money named by him.

Such testimony, if credible, would justify the court below in finding the defendant in that court guilty of a trespass *prima facie;* that the goods were taken for his benefit by his direction, and detained by his authority and assent. Unless the goods were lawfully attached, Dell was guilty of trespass direct in taking them, and Bonnel in procuring them to be taken, and afterwards assenting thereto; and trespass is therefore the proper form of action.

This brings us to the true question in the cause—was the taking lawful? If it was, there was no trespass; if not, the defendant may have been properly found guilty.

No objection is raised to the form of the process of attachment nor to the official capacity of the officer; but it is insisted that Dunn was a debtor having a family residing in this state, and that all the goods were such as, under the acts of March 14th, 1851, and of 15th February,

1852, were reserved for the use of his family against all creditors, and not liable to be taken by virtue of any civil process whatever.

The simple question is, whether Dunn, at the time of serving the attachment, was such a debtor as is contemplated by the act? If he was, his goods could be seized only subject to the exemption.

By the case it appears that Dunn, with his family, consisting of a wife and two children, had been living in the house of Bonnel, in the county of Morris; and that, three or four weeks previous to the service of the attachment, Dunn went away, leaving his family in the house; but where he went or the object of his going does not appear.

Up to the time of his going away he was, beyond any question, a debtor having a family residing in this state. His own residence, as well as that of his family, was here; and there is no evidence that his or their residence was changed. The fact of his absence and of his wife removing his goods from one part of the state to another, was held by the court below not to be evidence of any change of residence, and their conclusion was justified by the proof. A residence in law, once obtained, continues without interruption until a new one is gained. Dayton, Just., in *Cadwallader* v. *Howell et al.*, 3 *Harr.* 144.

There is no proof that he left that residence with the intention of not returning, nor that he had gone to another state with the intention of remaining there, nor that he had absconded.

But the statute meant to provide for the comfort of *families* residing in the state, and hence the language used is not, the property of any *debtor residing* in this state having a family, but the property of any *debtor having a family* residing in this state shall be reserved for the use of the family.

To obtain the benefits of this benevolent provision of the act, it is sufficient that the family reside here, wherever the temporary or permanent residence of the husband or head of it may be.

The case shows that the family was residing in this state, and if so, his goods were the subject of the exemption of the statute.

But it is said that the officer was bound by the writ to seize and levy upon the goods, and that by so doing no trespass was committed.

It is true that the officer is bound by the writ to secure the goods of the defendants therein named, but only such as are *liable* to be seized.

The first section declares that all wearing apparel and also goods to the value of two hundred dollars shall be reserved.

The subsequent sections direct the mode of ascertaining what part of the goods are to be reserved. They require the officer to apply to a judge of the Court of Common Pleas for the appointment of three appraisers, who are to appoint a time and place for making an appraisement, and give five days' notice thereof to the plaintiff in the process; and at that time and place, to make a particular account of the articles and things appraised, with their respective values annexed. If the amount of the appraisement shall exceed two hundred dollars, the defendant may select from the inventory articles to the value of that sum, and the officer shall proceed to sell the residue; but if the appraisement shall not exceed two hundred dollars, the officer is to suffer the goods to *remain in the possession* of the defendant.

There is no incongruity in these sections, nor difficulty in carrying them out. If the goods of a defendant are of greater value than two hundred dollars, or if it be doubtful whether they are so or not, then it is the duty of the officer to make a careful and particular account and inventory of them, and to take proper measures to secure their being forthcoming at the time and place of the appraisement.

If for that purpose it becomes necessary to seize and take exclusive possession of them until the time of the

appraisement, he is not to be held liable as a trespasser, although on the appraisement they may not be found to exceed in value the sum named.  In that case he acts in obedience to the command of the writ and the directions of the act, and is protected by them.

But if the goods are clearly of less value than the sum of two hundred dollars, he has no right to seize them and take the exclusive possession, for then it is manifest that they are all exempt.  He is to make a careful and particular account and inventory, and for his own safety he may have the goods appraised ; but he is to suffer them to remain in the possession of the defendant.

Where they exceed the sum of two hundred dollars, the defendant has his election of what he will have reserved ; when they do not exceed that sum, no election is provided for, and it is considered unnecessary, as the whole is reserved without it.

In this case the goods appear to have been of the value of less than fifty dollars.  There could have been no question about their being all reserved, if the defendant was within the provisions of the statute.  There was no offer to have them appraised, nor steps for that purpose taken. The proceedings seem to have been on the supposition that no part of the debtor's goods were reserved.

Wearing apparel, by name, is expressly exempt without any appraisement.  Should the officer seize and take the exclusive possession of such property, would he not be held a trespasser ?  For the same reason, when he seizes and takes the exclusive possession of goods clearly of less value than two hundred dollars, he is a trespasser ; for such goods are as clearly exempt and reserved for the use of the family against all creditors, and not liable to be seized or taken by virtue of any execution or civil process whatever issued out of any court of this state or any contract made after the passage of the act, as any wearing apparel.

The judgment must be affirmed.

*Reversed 5 Dutch. 435; Cited in Leonard v. Stout, 7 Vr. 377.*